IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

SOLYN DAVID REAM,      :
  Plaintiff,        :
             :
 v.           :   **CIVIL ACTION NO. 26-CV-3400**
             :
BERKS COUNTY JAIL/PRISON, *et al.*, :
  Defendants.      :

**MEMORANDUM**

**COSTELLO, J.**                 **MAY 29, 2026**

Solyn David Ream, a prisoner currently incarcerated at the Berks County Jail ("BCJ"), brings this civil action pursuant to 42 U.S.C. § 1983 against BCJ and a correctional officer identified as "C/O for K-Block May 26th 2025 2nd shift" based on allegations that he was housed in a top bunk bed on the top tier of the facility contrary to a doctor's order, which caused him to be injured when he suffered a seizure on the stairs.  He also moved to proceed *in forma pauperis*. For the following reasons, the Court will grant Ream leave to proceed *in forma pauperis* and dismiss his Complaint for failure to state a claim with leave to amend.

I.   **FACTUAL ALLEGATIONS**[1]

Ream alleges that he was "given Bottom Bunk/Bottom Tier DOJ status by the doctor" because he is "known to have seizures and [due to] previous neck/spine injur[ies]."  (Compl. at 5.)  However, on May 26, 2025, he was "made to lock into cell 208, on the upper tier, upper bunk," apparently by a correctional officer on K-Block who "failed to follow DOJ orders."  (*Id*.

---

[1] The following allegations are taken from Ream's Complaint (ECF No. 3).  The Court adopts the sequential pagination supplied to the Complaint by the CM/ECF docketing system.

at 4-5.)  That day, Ream suffered a seizure while returning a dinner tray and fell down the

staircase, injuring his neck, head, and spine and exacerbating his prior injuries.  (*Id.* at 5.)

After his fall, Ream was "thrown into [a] 'crash cart,' and arm-whipped into a bunk (cell-

105-medical)" but was not provided a neck brace by "medical staff" until five days after his fall,

when x-rays revealed that he had broken his neck.  (*Id.* at 5, 7.)  He also alleges that he has not

been given sufficient follow-up care, as "nothing has been done to correct [the] damage done,

resulting in loss of motor function and causing pain that has not ceased since."  (*Id.* at 6.)  Ream

claims that his constitutional rights were violated and seeks damages to compensate him for his

injuries caused by "the refusal of the officer on duty to recognize and/or confirm [his] DOJ status

for bottom bunk/bottom tier."  (*Id.* at 5.)

## II.    STANDARD OF REVIEW

The Court grants Ream leave to proceed *in forma pauperis* because it appears that he is

incapable of paying the fees to commence this civil action.[2]  Accordingly, 28 U.S.C. §

1915(e)(2)(B)(ii) applies, which requires the Court to dismiss the Complaint if it fails to state a

claim.  Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the

same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6),

*see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to

determine whether the complaint contains "sufficient factual matter, accepted as true, to 'state a

claim to relief that is plausible on its face,'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  At the screening stage, the Court

accepts the facts alleged in the *pro se* Complaint as true, draws all reasonable inferences in the

---

[2] However, as Ream is a prisoner, he will be obligated to pay the $350 filing fee in installments in accordance with the Prison Litigation Reform Act.  *See* 28 U.S.C. § 1915(b).

plaintiff's favor, and asks only whether the complaint, liberally construed, contains facts sufficient to state a plausible claim. *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021), *abrogation on other grounds recognized by Fisher v. Hollingsworth*, 115 F.4th 197 (3d Cir. 2024). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678. As Ream is proceeding *pro se*, the Court construes his allegations liberally. *Vogt v. Wetzel*, 8 F. 4th 182, 185 (3d Cir. 2021).

### III.    DISCUSSION

Ream brings his constitutional claims pursuant to 42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "A defendant in a civil rights action must have personal involvement in the alleged wrongs" to be liable. *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988); *see also Jutrowski v. Twp. of Riverdale*, 904 F.3d 280, 290 (3d Cir. 2018) ("Each Government official, his or her title notwithstanding, is only liable for his or her *own* misconduct." (quoting *Iqbal*, 556 U.S. at 677)).

"Although a county may be liable under § 1983, a county jail is not a proper defendant under § 1983." *Hetsberger v. Essex Cnty. Corr.*, No. 21-9322, 2021 WL 4727476, at *1 (D.N.J. July 19, 2021) (collecting cases). To proceed against a municipal entity such as a county under § 1983, a plaintiff must allege that the municipality's policy or custom caused the violation of his constitutional rights, *see Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978), by specifically stating "what exactly that custom or policy was," *McTernan v. City of York*, 564 F.3d 636, 658 (3d Cir. 2009). A plaintiff may also proceed against a municipality by "alleging failure-to-supervise, train, or discipline . . . [and alleging facts showing] that said failure amounts to

deliberate indifference to the constitutional rights of those affected." *Forrest v. Parry*, 930 F.3d 93, 106 (3d Cir. 2019).

To state a constitutional claim based on the failure to provide medical treatment, a prisoner must allege facts indicating that prison officials were deliberately indifferent to his serious medical needs.[3] *See Farmer v. Brennan*, 511 U.S. 825, 835 (1994). A prison official is not deliberately indifferent "unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837. "A serious medical need is one that has been diagnosed by a physician as requiring treatment or one that is so obvious that a layperson would easily recognize the necessity for a doctor's attention." *Thomas v. City of Harrisburg*, 88 F.4th 275, 281 (3d Cir. 2023) (cleaned up).

Deliberate indifference is properly alleged "where (1) prison authorities deny reasonable requests for medical treatment, (2) knowledge of the need for medical care is accompanied by the intentional refusal to provide it, (3) necessary medical treatment is delayed for non-medical reasons, [or] (4) prison authorities prevent an inmate from receiving recommended treatment for serious medical needs." *Montanez v. Price*, 154 F.4th 127, 141 (3d Cir. 2025) (citation omitted), *petition for cert. filed*, 94 U.S.L.W. 3289 (U.S. Mar. 11, 2026) (No. 25-1073). This standard is met when a delay or denial of medically necessary care is intended to inflict pain without medical justification or is based solely on a nonmedical reason without any effort to mitigate harm. *DiFraia v. Ransom*, 171 F.4th 622, 630 (3d Cir. 2026). In contrast, allegations of medical

---

[3] Ream alleges that he is a convicted and sentenced prisoner, (Compl. at 4), so his claims are governed by the Eighth Amendment, *Hubbard v. Taylor*, 399 F.3d 150, 166 (3d Cir. 2005).

malpractice and mere disagreement regarding proper medical treatment are insufficient to establish a constitutional violation. *See Spruill v. Gillis*, 372 F.3d 218, 235 (3d Cir. 2004); *Durmer v. O'Carroll*, 991 F.2d 64, 67 (3d Cir. 1993). Inadequate care may nevertheless give rise to a deliberate indifference claim when a defendant "act[s] with the requisite state of mind when providing that inadequate care." *Pearson v. Prison Health Serv.*, 850 F.3d 526, 535 (3d Cir. 2017); *see also Palakovic v. Wetzel*, 854 F.3d 209, 228 (3d Cir. 2017) ("[P]rison officials may not, with deliberate indifference to the serious medical needs of the inmate, opt for an easier and less efficacious treatment of the inmate's condition" (quotations and citations omitted)).

"Courts have found that it can be an Eighth Amendment violation where an inmate has a serious medical need requiring him to use the bottom bunk, but prison officials are deliberately indifferent to that need." *Clark v. Albert*, No. 21-04096, 2022 WL 4360546, at *3 (E.D. Pa. Sept. 20, 2022) (quoting *Saunders v. GEO Grp.*, No. 19-2322, 2019 WL 5558659, at *4 (E.D. Pa. Oct. 25, 2019)). For instance, a defendant acts with deliberate indifference if he "recklessly disregard[s] the need" for a particular housing assignment by ignoring the recommendation of a consulting physician. *Wall v. Bushman*, 639 F. App'x 92, 95 (3d Cir. 2015) (*per curiam*); *see also Hetsberger*, 2021 WL 4727476, at *1 (concluding that a plaintiff stated a claim to relief where he alleged that correctional defendants "refused to request Plaintiff be moved to a bottom bunk cell even though there are doctor's orders that he be placed in a bottom bunk" (citing *Wall*, 639 F. App'x at 95)); *Cameron v. Swartz*, No. 17-0816, 2020 WL 7496317, at *6 (W.D. Pa. Nov. 19, 2020) ("Refusal to honor bottom bunk and floor passes can be interpreted as deliberate indifference to the need for medical treatment prescribed by prison authorities." (citations omitted)), *report and recommendation adopted*, 2020 WL 7490229 (W.D. Pa. Dec. 21, 2020); *Nichols v. Byrne*, No. 15-0527, 2016 WL 4921008, at *3-4 (E.D. Pa. Sept. 14, 2016) (concluding

5

that a plaintiff stated a claim to relief where he alleged that he "was issued a lower bunk pass by the medical staff," but, although plaintiff showed them the pass, the officials responsible for cell assignments "ignored the pass and forced him to sleep on the top bunk").

Ream sued BCJ and a correctional officer, identified only as the "C.O. for K-Block" on the "2nd Shift" on May 26, 2025, in his official capacity. (Compl. at 2.) As noted above, although a county like Berks County may be sued under § 1983, a county jail like BCJ may not. Regardless, Ream's claims against the correctional officer in his official capacity are treated as a claim against the employing municipality, which also means those claims must meet the pleading standards for municipal liability. *See Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985) (quoting *Monell*, 436 U.S. at 690, n. 55). However, nothing in the Complaint alleges a municipal policy or custom, or deliberate indifference attributable to the municipality, so Ream has not alleged a basis for an official capacity claim. Given Ream's *pro se* status and the fact that the Complaint is better construed as bringing claims against the officer based on his own acts (as opposed to a policy or custom), the Court will also consider whether Ream has stated a basis for a deliberate indifference claim against the officer in his individual capacity. *See Downey v. Pa. Dep't of Corr.*, 968 F.3d 299, 310 (3d Cir. 2020) (looking to "the complaints and the course of proceedings" to determine whether a defendant is sued in his individual or official capacity (internal quotation marks and citation omitted)).

Although Ream's allegations suggest a *possible* basis for liability, his claims are not plausible as pled. *See generally Iqbal*, 556 U.S. at 678 ("Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." (internal quotation marks omitted)). Ream alleges only that the correctional officer working the second shift on K-Block on May 26, 2025, did not

"recognize and/or confirm [his] DOJ status for bottom bunk/bottom tier." (Compl. at 5.) He does not provide additional allegations about any discussions he had with this officer or explain other circumstances from which the Court could infer that this officer "knew of and disregarded" the doctor's order for Ream to be housed on a bottom tier in a bottom bunk due to his health conditions. Even under a liberal reading, the Complaint is equally consistent with a conclusion that the officer acted negligently (*e.g.*, by failing to check Ream's status), as it is with a conclusion that the officer acted with deliberate indifference (*e.g.*, by assigning Ream to a top tier after being informed of his doctor-ordered housing assignment due to medical needs). Accordingly, the Complaint does not state a claim as pled. *See generally Twombly*, 550 U.S. at 570 ("Because the plaintiffs here have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed."). Further, to the extent Ream brings constitutional claims based on allegedly inadequate care for his medical needs following his fall, he does not allege that the defendant-correctional officer was responsible for his medical care, has not sued any defendants apparently responsible for his medical care, nor fully developed his allegations about any current need for medical care to describe what care he still requires and why the care he received or is receiving for his current needs is so inadequate that it rises to the level of deliberate indifference. Accordingly, these claims also may not proceed in their current form.

## IV. CONCLUSION

For the foregoing reasons, the Court will grant Ream leave to proceed *in forma pauperis* and dismiss his Complaint without prejudice to him filing an amended complaint in the event he

can provide additional factual allegations to cure the defects in his claims.  An Order follows,

which provides further instructions about filing an amended complaint.[4]

BY THE COURT:

_____

**MARY KAY COSTELLO, J.**

---

[4] If Ream chooses to file an amended complaint, he may sue unidentified individuals, but he should do his best to include as much identifying information as possible and should be aware that without at least one identified defendant, the Court might not be able to effect service. *See Hindes v. F.D.I.C.*, 137 F.3d 148, 155 (3d Cir. 1998) ("Doe defendants 'are routinely used as stand-ins for real parties until discovery permits the intended defendants to be installed.'" (quoting *Scheetz v. Morning Call, Inc.,* 130 F.R.D. 34, 36 (E.D.Pa. 1990))); *see also Davis v. Kelly*, 160 F.3d 917, 920-21 (2d Cir. 1998) (observing that "courts have pointed out the appropriateness of maintaining supervisory personnel as defendants in lawsuits stating a colorable claim until the plaintiff has been afforded an opportunity through at least brief discovery to identify the subordinate officials who have personal liability").  If Ream does not know the identities of those who harmed him, he should do his best to identify them with as much specificity as possible and include corresponding facts like the date, time, and place that he interacted with each unidentified defendant, as well as provide specific details of how they were involved in his claims.